## Case No. 13,106.

SMITH et al. v. SHARP'S RIFLE MANUF'G CO.

[3 Blatchf. 545.] 1

Circuit Court, D. Connecticut. Feb. 25, 1857.

PATENTS—INFRINGEMENT ACKNOWLEDGED—OFFER TO PAY—INJUNCTION.

1. Where, on an application for an injunction to restrain the infringement of a patent, the defendant did not dispute the validity of the patent or the infringement, and offered to pay a reasonable sum for the use of the invention, or the profits of the use when ascertained, and it appeared that the defendant was engaged in fulfilling a contract for the manufacture of articles containing the invention, which contract had been entered into on the understanding on the part of the defendant that the question between him and the plaintiff was one of compensation, *held*, that no injunction ought to issue restraining the defendant from completing the contract.

2. As the defendant had been using the invention without legal right, but with the understanding that an arrangement would be made with the plaintiff for the price for the use, and the plaintiff had, for five years, known of the use, *held*, that the defendant ought to be enjoined from using the invention. (except as respected such contract), without first paying the plaintiff for the use. or obtaining his consent, and from disputing the patent, and from withdrawing such offer.

This was an application for a provisional injunction, founded on letters patent granted to Edward Maynard, September 22, 1845, for an "improvement in percussion locks and primers." The plaintiffs [Thomas L. Smith and

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

others] were assignees of the patent. The bill averred, among other things, that the defendants were making for the British government, under a contract, 6,000 of Sharp's rifles, with the Maynard lock and primer, and had delivered some of them. It prayed, among other things, for an injunction restraining the defendants from executing the contract with the British government, without first paying the plaintiffs for the right to apply the Maynard lock and primer to the 6,000 rifles. The defendants did not deny the validity of the patent, or the plaintiffs' title to it, or their use of the patented invention; nor did they set up any strictly legal right to use it. They averred that they had been attaching the Maynard lock to their rifles, with the understanding that some arrangement would be made with the plaintiffs for the price to be paid for the use; that the plaintiffs had, for at least five years, had knowledge of such use; that the defendants had a contract with the British government to make for it 6,000 rifles, which contract was now nearly completed; that, after it was made, the officers of the British government ordered the defendants to apply the Maynard lock to said rifles; that, under such order, the defendants, without any additional compensation therefor, had constructed the greater part of the locks for said rifles; that the defendants were now ready to pay the plaintiffs at the rate of twenty-five cents for each lock made by them, (excepting those made for the government of the United States, which had a right to the use of the lock), or to render an account of the profits made by them in the manufacture of the locks, and to pay the same to the plaintiffs whenever they could be ascertained by a master of this court, or otherwise.

Roger S. Baldwin and D. W. Pardee, for plaintiffs.

William D. Shipman and Edward N. Dickerson, for defendants.

INGERSOLL, District Judge. As respects the contract for delivering to the British government 6,000 rifles, with the Maynard lock attached, how does the case stand? The plaintiffs ask an injunction to restrain the defendants from delivering these rifles, unless they first pay to the plaintiffs a reasonable sum for the right to apply the Maynard lock and primer. The defendants in their answer say—we will pay this reasonable sum which you demand as a condition to our right to put the locks upon the rifles; and we now offer twenty-five cents for each lock used, as such reasonable sum. and, if you are not satisfied with that, we will render an account of the profits made by us in the manufacture of the locks, and pay over to you the whole of such profits, whenever the same can be ascertained by a master of this court, or otherwise. Mr. Palmer, the treasurer of the defendants, says, in his affidavit, that the defendants always considered, while using the Maynard lock and primer, that the only question between them and

the plaintiffs was a question of compensation for the use of the patent; that, after some correspondence on this subject, he expressly proposed to one of the plaintiffs, that the whole subject of compensation should remain open until time enough had elapsed to settle the question of the value of the lock-to the defendants; that to this proposition no answer was ever made; that he construed so long a silence as an acquiescence in the proposition made; and that, with this understanding, the contract with the British government was made. Under these circumstances, no absolute injunction ought to issue, to restrain the defendants from completing that contract. As it respects the primers, the defendants say they have never manufactured any, and have only used such as they have purchased from a licensee of the plaintiffs.

The decision is, that the defendants be restrained from making any of the locks without first paying the plaintiffs for the same, or otherwise obtaining their consent; but this decision shall not be held to restrain them from manufacturing such locks as may be necessary to enable them to complete the contract with the British government, or to interfere in any way with their right to execute such contract. And it is ordered that the defendants be enjoined from disputing any right granted by the patent, or the right of the plaintiffs to the same; and that they be not permitted to withdraw their offer to pay, set forth in the affidavit of Mr. Palmer.